FRITZE, LUNDT & CO., SUCS., DEMANDANTES Y APELADOS, *v.* PANIAGUA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte del Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 1572.—Resuelto en julio 13, 1917.

COBRO DE PESOS—CUENTA LIQUIDADA—PRUEBA SUFICIENTE.—En este caso, que es una acción en cobro de dinero, la prueba demuestra que el demandado tomaba a la demandante materiales de construcción para pagarlos de contado, pero que no lo hacía; que se le llevaba una cuenta en que se anotaban sus pedidos y los abonos que por ellos hacía; que se le comunicó la liquidación

de la deuda y no hizo objeción a ella; que posteriormente a la liquidación de la cuenta y a la radicación de la demanda el demandado hizo cierto abono sin que se cargara nada al debe. *Se resolvió:* que tratándose como se trata de una cuenta liquidada, la prueba presentada es suficiente para sostener la sentencia apelada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Texidor* y *Martínez Alvarez.*

Abogados del apelado: *Sres. Martínez & Iriarte.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La sociedad mercantil Fritze, Lundt & Co., Sucesores, presentó demanda en 27 de abril de 1915 en la Corte de Distrito de San Juan contra Martín Paniagua reclamándole el pago de $642.43 por materiales de construcción vendídosle de contado en y antes de la primera quincena de febrero de 1915, por no haberlos pagado en todo ni en parte a pesar de los requerimientos de cobro que se le habían hecho.

El demandado contestó en 3 de mayo de 1915 negando que se le hubieran vendido materiales en el mes de febrero de 1915 por valor de $642.43 y alegó como defensa que hacía más de un año que tomaba al demandante materiales de construcción habiéndole abierto una cuenta corriente en la que hacía abonos y que desde el 24 de abril de 1915 había hecho los abonos que especifica, los que entiende habían sido abonados a su cuenta. Alegó también que tenía un convenio con el demandante para abonar cantidades parciales en su cuenta, la que no ha sido liquidada, y que en 22 de abril el demandante le pidió que pagara la totalidad de su cuenta que alegaba ascender a $742.43 y le concedió para el pago hasta el 30 de abril de 1915.

El demandado también formuló una contrademanda reclamando daños y perjuicios pero prescindiremos de ella en vista de que fué negada por el demandante y de que no se presentó evidencia alguna para probarla.

En el acto del juicio, que tuvo lugar el día 24 de febrero de 1916, rebajó la demandante su reclamación a $559.55 y pre-

sentó su prueba; la parte demandada solicitó que en vista de ella se dictara sentencia absolutoria (*non suit*) la que parece que la corte no resolvió, pero habiendo renunciado a presentar prueba recayó sentencia condenándole al pago de los $559.55 reclamados contra la cual interpuso este recurso de apelación en el que presentó su alegato para apoyar su recurso, sin que lo haya presentado la parte apelada ni concurrieran los abogados de las partes a la vista de la apelación.

La cuestión pues a resolver es si las pruebas presentadas por el demandante sostienen la sentencia que declaró con lugar la demanda y condenó al demandado.

En el juicio compareció Carlos H. Preston, empleado de los demandantes y presentó, y fueron admitidas sin objeción, una cuenta corriente del demandado con la sociedad demandante, varias órdenes de entrega de materiales firmadas por aquél y dos cartas.

La cuenta corriente comienza en 29 de diciembre de 1914 y arroja hasta mediados de febrero de 1915 un debe de $1,161.13 contra un haber que comienza en febrero 8 de 1915 y termina en septiembre 2 del mismo año con un balance en contra del demandado de $559.55. De la cuenta aparece que los abonos a que se refiere la contestación le fueron hechos al demandado. Las cartas son: una, dirigida al demandado en marzo 6 de 1915 comunicándole que tiene un saldo en contra de $892.43 y le ruegan que a lo menos les remese $493.40 por los materiales facilitados en el mes de enero; la otra es del demandado a la demandante, fechada en 9 de marzo de 1915, participándole en contestación a la anterior que del día 13 al 17 podría atenderles y que dispensaran la demora.

El expresado testigo declaró manifestando que el demandado no ha pagado el saldo de $559.55 y que nunca ha manifestado su inconformidad con dicho saldo: que después de presentada la demanda visitó el demandado la casa de la demandante y pidió que retiraran la demanda y manifestó que

él pagaría la totalidad, pero continuó aquella porque no quería pagar las costas ni tampoco la demandante: que en marzo 6 de 1915 el saldo adeudado era de $892.43 pero que en marzo 20 se les hizo un abono de $150, en abril 22 otro de $100 y el último es de septiembre 2 de $82.88 por unos sacos vacíos que devolvió después de presentada la demanda: que la cuenta era pagadera de contado y que como no la satisfizo se dió orden de no fiarle más.

Opinamos que la prueba relacionada, que fué toda la presentada en el juicio, es suficiente para sostener la sentencia apelada. El demandado tomaba los materiales para pagarlos de contado pero no lo hacía y se le llevaba una cuenta en que se anotaban sus pedidos y los abonos que por ellos hacía. Esa deuda podía por tanto reclamarse en cualquier tiempo y su liquidación era únicamente una operación aritmética de resta entre 'el debe y el haber. La liquidación se le comunicó en marzo 6 de 1916 y no hizo objeción a ella y la diferencia que existe entre aquélla, la reclamada en la demanda y la definitivamente fijada en el juicio se debe a abonos posteriores hechos por el demandado. Lo del plazo concedido por la demandante al demandado para pagar, posterior a la presentación de la demanda, no fué probado. La cuenta fué liquidada en marzo 6 y la liquidación aceptada por el demandado en su carta de marzo 9 y el hecho de que después se abonaron cantidades pagadas por el demandado, sin cargar nada al debe, no quita su carácter de cuenta liquidada a la que se reclama.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.